## Patschke v. Shellehamer

*Wickersham & Wickersham*, for plaintiff; *J. Dress Pannell*, for defendant.

HARGEST, P. J., June 7, 1932.—This case comes before us upon a petition for a more specific statement of claim. The action is in trespass for alienation of the affections of the husband of the plaintiff. The statement avers, inter alia, that the defendant maliciously and unjustly, intending to alienate the husband's affection, "on July 18, 1931, July 19, 1931, and July 20, 1931, and almost

daily theretofore and thereafter for a period of two years and upwards before the commencement of this suit, . . . maliciously and unjustly ensnared the said Raymond E. Patschke, . . ." whereby the plaintiff was deprived of his fellowship, support and assistance; that for a period of two years and upwards the defendant caused the plaintiff's husband to remain away from the plaintiff for periods of upwards of one week and procured him to remain in her home; and to take numerous trips to distant places, among others, to Philadelphia, Reading, York, Sunbury, the trip to Philadelphia being in the early part of September, 1930, the exact dates of the other trips being unknown to the plaintiff; that the defendant induced plaintiff's husband not only to remain away from home but permitted him to remain in her company during all the hours of the day and night for almost every day for a period of two years and upwards, wholly alienating and destroying her husband's affections, and on July 18, 1931, and at other times and dates during the past two years, persuaded plaintiff's husband to drive the defendant about the City of Harrisburg in her automobile, and caused and counseled her children to refer to him as "daddy."

In Young *v.* Baum, 36 Pa. C. C. 318, decided before the Practice Act of 1915, which was an action for alienation, it was said:

"We can readily see that the same precision cannot be required by the plaintiff's statement in the case at bar as in an action on a written contract or a book account, but we likewise feel that the plaintiff can more particularly specify the time and locality of the acts of which he complains and upon which he will rely in his evidence to obtain a verdict against the defendant, and further that the defendant is entitled to know in advance what the charges will be as to alleged tortuous acts so that he may have an opportunity to prepare his defense in case there be any, and while we will not require the plaintiff to fix the exact hour or even the exact calendar day or days and perhaps may not exclude all the evidence, yet we feel it only fair to the rights of the defendant that a bill of particulars shall be filed by the plaintiff, fixing more definitely the times and places and the character of the alleged tortuous acts of the defendant without striking from the declaration the general language and references in general to other similar acts. Localities should be quite definitely fixed, and time as definitely and as approximately as possible."

In that case the statement was wholly without reference to time and places. In Cauldwell *v.* Neilson, 2 D. & C. 749, decided after the passage of the Practice Act, the court fully considered the statement in an alienation case, where the amended statement named in general terms dates, times and places. The court said:

"What more can be recited in the statement? A shrug, a cast of the eye, the inflection of the voice—these cannot be recited, nor shown, except by course of conduct; and what pleader can recite the details of the conduct? To name a few might be dangerous, as exclusive of others; and it could not avail the defendant, because not showing the other actions and words."

In Hartswick *v.* McIntyre, 11 D. & C. 114, the court said:

"In this statement the plaintiff has specifically averred certain things which, to the mind of the court, are much beyond the limits of ordinary social amenities, and she has also specifically averred that this defendant, by reason of the acts mentioned, has alienated the affections of her husband. There is a sufficient degree of certainty in the averments of the plaintiff's statement to enable the defendant to prepare an affidavit of defense and to offer a defense to the general charge, should she have any."

The plaintiff in this case has averred certain dates and places, when and where the misconduct of the defendant occurred. It would be beyond all rea-

son to expect her to aver every date or every place. Among the averments is that the defendant almost daily during the period of two years and during the daytime and nighttime kept the plaintiff's husband in her house. Let us assume that the plaintiff might be able to sustain this allegation by the testimony of neighbors who saw the plaintiff's husband in the house during the period referred to. The neighbors at the time may not even have known who the man was, or may not have had any idea that a suit would result from the conduct, and, consequently, while knowing the facts, made no memoranda of dates; yet the defendant would have us apply a rule that the plaintiff must name the dates upon which this misconduct occurred, because one of the reasons for this motion is that plaintiff be required to state "specifically the exact and definite dates and times, . . . particulary at nighttime," when the plaintiff's husband was in defendant's house. We think the statement is sufficient and gives the defendant full knowledge of the charges against her.

Now, June 7, 1932, the motion for a more specific statement of claim is hereby overruled.

From Homer L. Kreider, Harrisburg, Pa.